IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES G. REECE,

        Plaintiff,               No. CIV S-09-0782 GGH P

    vs.

MATTHEW CATE, et al.,

        Defendants.        ORDER

_____/

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By filing dated March 31, 2009 (docket # 4), plaintiff consented to the jurisdiction of the undersigned. By Order, filed on April 29, 2009, the original complaint was dismissed with leave to amend. By Order, filed on June 10, 2009, plaintiff was granted an extension of time to file his amended complaint. Plaintiff has filed an amended complaint.

      As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint must contain more than a "formulaic recitation of the elements of a

9    cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

10   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

11   "The pleading must contain something more...than...a statement of facts that merely creates a

12   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

13   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this

14   standard, the court must accept as true the allegations of the complaint in question, Hospital

15   Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

16   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

17   McKeithen, 395 U.S. 411, 421 (1969).

18   Upon the court's review of the amended complaint, it is apparent that the

19   gravamen of the action remains that of the original complaint, which is that plaintiff is:

20   one of a class of prisoners, those who are indigent, against whom a
     future anticipated regulatory subsection will discriminate in

21   violation of his Fourteenth Amendment right to equal protection.
     Plaintiff states that this future regulation will also violate indigent

22   prisoners' right of access to the courts by limiting the number of
     pages of a petition (or any legal document) to be copied to 50

23   pages.  Plaintiff alleges that he cannot exhaust administrative
     remedies as to this claim because the regulation, CAL. CODE REGS.

24   tit.xv, § 3162(c), is as yet unimplemented.   Plaintiff asks the court
     to enjoin defendant Matthew Cate to repeal the adopted subsection

25   and keep it from being implemented.  Plaintiff also alleges that a
     putative provision of the newly adopted subsection that may permit

26   indigent prisoners to copy additional pages if they can demonstrate

2

to the librarian that they are necessary to the petition also violates
his right to access the courts.

Order, filed on April 29, 2009 (docket # 8), pp. 3.

As plaintiff was informed by the court in the order dismissing the complaint with

leave to amend:

> The court's own research confirms that § 3162 currently only has
> subsections (a) and (b).  The court will not address the merits of
> this claim because plaintiff has a threshold obstacle.  The claim is
> not yet ripe.  Texas v. U.S., 523 U.S. 296, 300, 118 S. Ct. 1257,
> 1259 (1998), quoting Thomas v. Union Carbide Agricultural
> Products Co., 473 U.S. 568, 580-581, 105 S. Ct. 3325, 3333
> (1985)(internal citation omitted)(claim "not ripe for adjudication if
> it rests upon 'contingent future events that may not occur as
> anticipated, or may not occur at all.'")  Although plaintiff contends
> that subsection (c) has been adopted, he concedes that it has not yet
> been implemented.  The court has no way to determine the final
> form of the anticipated provision until such time as it is formally a
> part of the regulation at issue.  The court will dismiss the complaint
> but plaintiff will be granted leave to amend to further detail the
> facts regarding implementation.   Complaint, pp. 2-46.

Id.

In his 67-page amended complaint, plaintiff has failed to cure the glaring defect

that the putative regulation subsection which he seeks to challenge, identified as Cal. Code Regs.

tit.xv, § 3162(c), has not been implemented.  While plaintiff does include what appears to be a

copy of portions of a document that tends to demonstrate that a new subsection, § 3162(c), has

been adopted which would "establish a 50-page limit for legal documents that a law library"

would be "obligated to duplicate for inmates" absent "special consideration" (AC, pp. 36, 47, 52-

53), he does not adequately clarify when any such implementation of the allegedly adopted

provision may occur.

Nevertheless, plaintiff affirmatively and expressly concedes that he has failed to

exhaust any administrative remedies on the basis that he cannot yet appeal a regulation that has

not yet been implemented.  By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress

amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison

conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002).

Exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures.  Booth v. Churner, 532 U.S. 731, 741, 121 S. Ct. 1819, 1825 (2001).  A remedy is available for purposes of § 1997e(a) as long as the administrative process has authority to take some action in response to the prisoner's grievance, even if the action that might be taken is not the remedial action sought by the prisoner.  Id. at 736 & n. 4, 121 S. Ct. at 1823 & n.4.  Courts may not read futility or other exceptions into the statutory exhaustion requirement of the PLRA.  Id. at 741 n.6, 121 S. Ct. at 1825.

A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action.  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam).  It is clear that under 42 U.S.C. § 1997e(a) that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted.   McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).  If the court concludes that the prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice." Wyatt, supra,  315 F.3d at 1120.

In the present case, plaintiff's amended complaint contains an express concession of non-exhaustion predicated on the rational ground that the circumstances which he seeks to challenge have not yet occurred.  It is this circularity which makes it impossible for plaintiff to proceed on this action at this time.  This case should be dismissed without leave to amend but also without prejudice to the filing of a new civil rights action once the regulation at issue takes effect, if it ever should, and after the administrative grievance process has been completed.

1    "Liberality in granting a plaintiff leave to amend 'is subject to the qualification

2    that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is

3    not futile.'"  Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001),

4    quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999).   "Under Ninth Circuit case law,

5    district courts are only required to grant leave to amend if a complaint can possibly be saved.

6    Courts are not required to grant leave to amend if a complaint lacks merit entirely."  Lopez v.

7    Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).   See also, Smith v. Pacific Properties and

8    Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d

9    494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend

10   the pleading was made, unless it determines that the pleading could not be cured by the allegation

11   of other facts.").  Lopez v. Smith, supra, 203 F.3d at 1124 ("[A] district court retains its

12   discretion over the terms of a dismissal for failure to state a claim, including whether to make the

13   dismissal with or without leave to amend.")  "The district court's discretion to deny leave to

14   amend is particularly broad where plaintiff has previously amended the complaint."  Metzler Inv.

15   GMBH v. Corinthian Colleges, Inc.  540 F.3d 1049, 1072 (9th Cir. 2008), quoting In re Read-Rite

16   Corp., 335 F.3d 843, 845 (9th Cir. 2003).

17        In this case where plaintiff has previously been granted leave to amend, the court

18   can discern no manner in which plaintiff could cure the defects of his allegations both on the

19   basis of the doctrine of ripeness and on the express failure (due to impossibility arising from the

20   premature nature of the action) to administratively exhaust the instant claims.  This appears to be

21   one of those relatively rare cases when to grant plaintiff further leave to amend would be patently

22   futile.   Should plaintiff seek to proceed upon a new action after exhaustion of administrative

23   remedies is complete, it should not bear the case number assigned to this action and should be

24   accompanied by a properly completed application to proceed in forma pauperis.

25   /////

26   /////

1        In accordance with the above, IT IS HEREBY ORDERED that this action is

2   dismissed without prejudice to the filing of a new action should the claim become exhausted.

3   DATED: October 13, 2009

4                          /s/ Gregory G.Hollows

5                          UNITED STATES MAGISTRATE JUDGE

GGH:009

6   reec0782.ord

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26